UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHELLE RIGGINS | CIVIL ACTION |
| VERSUS | NO. 26-876 |
| DILLARD'S, INC., ET AL. | SECTION R (4) |

# ORDER AND REASONS

Before the Court is the motion of defendants Dillard's, Inc. ("Dillard's") and Higbee Louisiana, LLC ("Higbee") to compel arbitration and stay proceedings.[1] Plaintiff Michelle Riggins has not responded to the motion. For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff, an employee at a Dillard's store, sued Dillard's, asserting the following claims: (1) discrimination because of her race and sex, in violation of the Civil Rights Act of 1964 ("the Civil Rights Act") and La. R.S. 23:01, *et seq.*; (2) retaliation against her in violation of the Civil Rights Act; (3) creation of a racially hostile environment in violation of the Civil Rights Act; (4) discrimination and retaliation in violation of the Family Medical Leave Act ("FMLA"); and (5) intentional infliction of emotional distress in violation

[1] R. Doc. 7.

of Louisiana law.[2] By an amended complaint, Riggins added Higbee, a subsidiary of Dillard's, as a defendant, and asserted the same claims against it.[3]

On September 25, 2026, Dillard's and Higbee filed this motion to stay the case pending arbitration.[4] Defendants aver that Riggins entered into an Agreement to Arbitrate Legal Claims ("the Agreement"), in which she agreed that all disputes over legal claims between herself and defendants would be subject to arbitration.[5] Thus, defendants argue that Riggins's case must be stayed pending arbitration. Defendants attach the Agreement with plaintiff's signature to their motion, as well as an attachment titled "Rules of Arbitration" with plaintiff's electronic signature.[6] Riggins has not responded to the motion.

The Court considers the motion below.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, expresses a strong federal policy in favor of enforcing arbitration agreements. *See, e.g.*,

---

2 *Id.* at 3–4.
3 R. Doc. 6.
4 R. Doc. 7.
5 R. Doc. 7-1 at 2.
6 R. Docs. 7-2; 7-3.

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217–18 (1985); *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Safer v. Nelson Fin. Group, Inc.*, 422 F.3d 289, 294 (5th Cir. 2005). Under the FAA, a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects "both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (cleaned up). Section 3 of the FAA further provides that if any suit is brought in federal court "upon any issue referable to arbitration," the court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . , shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

The Supreme Court has directed courts to "'rigorously enforce' arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (quoting *Dean Witter*, 470 U.S. at 221). The Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed

to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter*, 470 U.S. at 218. Additionally, "any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration." *Safer*, 422 F.3d at 294.

To determine whether to compel the parties to arbitrate, the Court must conduct a two-step inquiry. *Id.* at 293. First, the Court must determine whether the parties agreed to arbitrate the dispute in question. *Id.* This determination ordinarily involves two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* But when, as here, the parties' agreement contains a delegation clause, the Court simply analyzes whether there is a valid agreement, and if so, whether there is "clear and unmistakable evidence" that the parties intended to arbitrate the arbitrability issue. *See Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*, 921 F.3d 508, 514 (5th Cir. 2019).

Second, if the Court determines that the parties have agreed to arbitrate the dispute in question, it then must ask whether "any federal statute or policy renders the claim nonarbitrable." *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008). If, as here, "neither party argues that

a federal statute or policy would bar arbitration," the Court need not analyze the second step. *Id.*

When the Court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, [it] shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. If the Court finds that the dispute is subject to arbitration, and a party has requested a stay pending arbitration, the Court must issue a stay rather than dismiss the case. *Id.* § 3; *see also Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024) (holding that courts lack "discretion to dismiss the suit on the basis that all the claims are subject to arbitration").

The movants seeking to compel arbitration bear the initial burden of proving that an arbitration agreement exists by a preponderance of the evidence. *Chester v. DirecTV, L.L.C.*, 607 F. App'x 362, 364 (5th Cir. 2015) (citing *Banks v. Mitsubishi Motors Credit of Am., Inc.*, 435 F.3d 538, 540 (5th Cir. 2005) (per curiam)). If a valid arbitration agreement exists, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

## III. DISCUSSION

First, the Court must apply ordinary state-law principles of contract to determine whether Riggins entered into a valid agreement to arbitrate with defendants. *Will-Drill Res. Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003); *see also Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013) ("Because arbitration is simply a matter of contract between the parties, the strong federal policy favoring arbitration does not apply to the initial determination of whether there is a valid agreement to arbitrate.") (cleaned up). The parties do not dispute that Louisiana law applies here.[7]

In Louisiana, the law's favorable treatment of arbitration agreements "echo[e]s the Federal Arbitration Act." *Aguillard v. Auction Mgmt. Corp.*, 908 So. 2d 1, 7 (La. 2005); *see also Duhon v. Activelaf, LLC*, 411 So. 3d 605, 609 (La. 2016) ("Louisiana and federal law explicitly favor the enforcement of arbitration clauses in written contracts."); *id.* (noting that "federal jurisprudence interpreting the FAA may be considered in construing the [Louisiana Binding Arbitration Law ("LBAL")]"); La. Stat. Ann. §§ 9:4201, 9:4202 (expressing strong legislative policy favoring arbitration). Louisiana law requires that a valid and enforceable arbitration agreement contain the elements of offer and acceptance. La. Civ. Code Ann. art. 1927. Additionally,

---

7 R. Doc. 7-1 at 5.

under Louisiana law, formation of a valid contract requires four elements: "(1) the parties must possess the capacity to contract; (2) the parties' mutual consent must be freely given; (3) there must be a certain object for the contract; and (4) the contract must have a lawful purpose." *Provenza v. Cent. & Sw. Servs., Inc.*, 775 So. 2d 84, 89 (La. Ct. App. 2d Cir. 2000).

Here, the record demonstrates that Riggins signed the Agreement on May 30, 2023. The Agreement provides in relevant part:

> **IMPORTANT NOTICE: THIS AGREEMENT WAIVES YOUR RIGHT TO A JURY TRIAL AND TO PURSUE LITIGATION IN COURT. READ IT CAREFULLY BEFORE SIGNING.**
>
> . . .
>
> This Agreement to Arbitrate Legal Claims ("Agreement"), executed this 5 day of 30 [*sic*], 2023 by and between Dillard's, Inc., its affiliates, subsidiaries and Limited Liability Partnerships (the "Company") and Michelle M. Riggins (the "Associate" or the "Employee" or "you");
>
> . . .
>
> EFFECTIVE upon the date of the submission of Associate's application for employment or the date of this Agreement, whichever occurs earlier, Associate and Company shall be entitled to the benefits of and mutually agree to become subject to the Company's RULES OF ARBITRATION (the "RULES").

> WE AGREE TO ARBITRATE OUR LEGAL CLAIMS AND TO ABIDE BY THE RULES OF ARBITRATION WHICH WILL GOVERN THE ARBITRATION.[8]

Directly below this provision is Riggins's handwritten signature, the electronic signature of an authorized signatory for defendants, and the date, May 30, 2023.[9] The parties do not dispute that Higbee is a subsidiary of Dillard's. Thus, the record demonstrates that plaintiff entered into a valid agreement to arbitrate with defendants.

Next, the Court must determine whether Riggins's claims fall within the scope of the Agreement. Attached to the Agreement is a document titled "Rules of Arbitration."[10] They provide in relevant part:

> To the fullest extent permitted by applicable law, any dispute over a Legal Claim concerning this agreement – the way it was formed, its applicability, meaning, enforceability, validity, recission, waiver of the right or obligation to arbitrate or any claim that all or part of this Agreement is void or voidable – is subject to arbitration under this Agreement.[11]

Because the arbitration agreement includes this delegation clause, the Court must determine only whether there is "clear and unmistakable evidence that the parties intended to arbitrate" the issue of arbitrability.

---

8 R. Doc. 7-2.
9 *Id.*
10 R. Doc. 7-3.
11 *Id.* at 13.

*Lloyd's*, 921 F.3d at 514. The incorporation of the American Arbitration Association (AAA) Rules in an arbitration agreement suffices for this purpose. *See Arnold v. Homeaway, Inc.*, 890 F.3d 546, 553 (5th Cir. 2018). This arbitration agreement incorporated the AAA Rules,[12] so there is clear and unmistakable evidence that the parties intended to arbitrate the issue of arbitrability. Finally, no party asserts that a federal statute or policy would bar arbitration. Thus, the Court need not analyze this issue. *Sherer*, 548 F.3d at 381. Therefore, this dispute must be referred to arbitration.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to compel arbitration and stay proceedings against them. This case shall be STAYED pending arbitration.

New Orleans, Louisiana, this 26th day of October, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

[12] *Id.* at 1.